**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JAMES M. GALLIGAN

          Plaintiff**,**

                                    **Case No.:**  10-CV-2536 EFM/KGG

v.

ER SOLUTIONS, INC.,

          Defendant.

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3.    Venue is proper in this District.

4.    The acts and transactions alleged herein occurred in this Judicial District.

5.    The Plaintiff resides in the Judicial District.

6.    Defendant transacts business in this Judicial District.

7.    The Defendant regularly collects debts by telephone and the mails within this Judicial District.

### PARTIES

8.    Plaintiff, James M. Galligan, is a natural person.

9.     Plaintiff resides in the City of Shawnee, County of Johnson, State of Kansas.

10.    The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11.    The Plaintiff is an "any person" as that term is used within15 U.S.C. § 1692 et seq.

12.    Defendant, ER Solutions, Inc. is a foreign corporation.

13.    Defendant's Kansas resident agent is The Corporation Company, Inc., 112 S.W. 7th

       Street, Topeka, Kansas 66603.

14.    The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15.    The principal business of the Defendant is the collection of debts using the mails

       and telephone.

16.    Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

17.    Sometime prior to the filing of the instant action, the Plaintiff allegedly  incurred a

       financial obligation that was primarily for personal, family or household purposes

       and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), (hereinafter the

       "Account").

18.    The Account was allegedly not paid and it went into default with the creditor.

19.    Sometime thereafter, the alleged debt was assigned, placed or otherwise

       transferred to the Defendant for collection from the Plaintiff.

20.    The Plaintiff disputes the Account.

21.    The Plaintiff requests Defendant cease all communication with him personally on

       the Account.

22.  In the year prior to the filing of the instant action, the Plaintiff participated in telephone calls with and received voicemail messages from representatives, employees and/or agents of the Defendant who were attempting to collect the Account.

23.  These telephone calls and messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

24.  Upon information and belief, Defendant possesses recordings of its communications with Plaintiff.

25.  Upon information and belief, Defendant possesses telephone logs and/or electronic records of its communications with Plaintiff.

26.  During the telephone calls representatives, employees and/or agents of the Defendant failed to meaningfully disclose the caller's identity in violation of 15 U.S.C. §1692d preface and d(6).

27.  During the telephone calls representatives, employees and/or agents of the Defendant failed to disclose the message was from a debt collector in violation of 15 U.S.C §1692e(11)

28.  During the telephone calls representatives, employees and/or agents of the Defendant falsely advised Plaintiff that a lawsuit had been filed against him in violation of 15 U.S.C. §1692e preface, e(2)(A), e(4), e(8) and e(10).

29.  The Defendant and its representatives, employees and/or agents above-listed statements and actions constitute unfair practices and violate U.S.C. 1692f.

30.  As a consequence of the Defendant's collection activities and

communications, the Plaintiff has suffered actual damages, including emotional distress.

## RESPONDEAT SUPERIOR

31.   The representatives and/or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

32.   The actions of the representatives and/or collectors at the Defendant are imputed to their employer, the Defendant.

33.   As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.   Actual damages under 15 USC § 1692k(a)(1).

2.   Statutory damages under 15 USC § 1692k(a)(2)(A).

3.   Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4.    Such other and further relief as the Court deems just and proper

Respectfully submitted,


<u>/s/ J. Mark Meinhardt</u>
J. Mark Meinhardt #20245
4707 College Blvd., Suite 100
Leawood, KS  66211
913-451-9797
Fax 913-451-6163

ATTORNEY FOR PLAINTIFF